IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTONIO D. JOHNSON, )
)
    Petitioner, )
)
v. ) Civil Action No. 3:11CV353-HEH
)
COMMONWEALTH OF VIRGINIA, )
)
    Respondent. )

## MEMORANDUM OPINION
(Dismissing Successive 28 U.S.C. § 2254 Petition)

Petitioner, a Virginia state prisoner proceeding *pro se*, submitted a petition under 28 U.S.C. § 2254. Petitioner challenges his 1994 convictions in the Circuit Court for the City of Newport News. Petitioner previously has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Virginia challenging the above convictions. The Court dismissed the petition. *See Johnson v. Jabe*, No. 04cv938 (E.D. Va. Apr. 12, 2005). The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of

appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The Court had not received any such authorization in the present case. Therefore, by Memorandum Order entered on June 14, 2011, the Court directed Petitioner to show cause why the present action should not be dismissed.

Petitioner has responded. Petitioner, however, fails to explain why the Court can entertain his present § 2254 Petition without prior authorization from the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A). Accordingly, the action will be DISMISSED for lack of jurisdiction.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Petitioner is entitled to further consideration in this matter. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

                                                      /s/
                                HENRY E. HUDSON
                                UNITED STATES DISTRICT JUDGE

Date: March 23, 2012
Richmond, Virginia

2